# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Rodney Lavelle Taylor,

    Petitioner

v.

Jo Gentry, et al.,

    Respondents

Case No.: 2:17-cv-01590-JAD-VCF

**Screening Order**

[ECF Nos. 5, 6]

    Pro se petitioner and adjudicated habitual criminal Rodney Lavelle Taylor is serving a 10-years-to-life sentence after he was convicted of second-degree kidnapping.[1] He petitions for a writ of habeas corpus under 28 U.S.C. § 2254, alleging that he was denied effective assistance of counsel.[2] I review his second motion for appointment of counsel,[3] and I screen his amended petition[4] under Rule 4 of the Rules Governing Section 2254 Cases.

    Taylor's second motion for appointment of counsel, which is another form motion like his first, does not change my mind. So, I deny his appointment-of-counsel motion for the same reasons that I stated in my prior order.[5] And I find that Taylor has pled viable bases for habeas relief, so I order that it be served on respondents.[6]

    Accordingly, IT IS HEREBY ORDERED that Taylor's second motion for appointment of counsel **[ECF No. 6] is DENIED.**

---

[1] ECF No. 5 at 2.

[2] *Id.* at 3–11.

[3] ECF No. 6.

[4] ECF No. 5.

[5] ECF No. 3 at 1–2.

[6] Taylor signed the verification for the amended petition, but he didn't sign the pleading on the signature line as he had done with the original petition. But, to avoid delay, I impute his verification signature to the amended petition as well.

The **Clerk of Court** is directed to **electronically SERVE** Taylor's amended petition **[ECF No. 5]** on the Attorney General of the State of Nevada along with a copy of this order and regenerated notices of electronic filing of the remaining filings in this case.

IT IS FURTHER ORDERED that respondents **have until July 5, 2018, to RESPOND to the petition.** Any response filed must comply with the remaining provisions below, which are tailored to this particular case based on my screening of the matter and entered under Habeas Rule 5.

IT IS FURTHER ORDERED that any procedural defenses raised by respondents in this case must be raised together in a single, consolidated motion to dismiss. Successive motions and procedural defenses raised in the answer will not be entertained, and procedural defenses that are not included in the dismissal motion will be deemed waived. Respondents may not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except under 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so within the single dismissal motion, not in the answer; and (b) they must specifically direct their argument to the dismissal standard under § 2254(b)(2) as set forth in *Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, may be included with the merits of an answer—instead, they must be raised in a single, consolidated motion to dismiss.

IT IS FURTHER ORDERED that, in any answer filed on the merits, respondents must specifically cite to and address the applicable state-court written decision and state-court-record materials, if any, regarding each claim within the response to that claim.

IT IS FURTHER ORDERED that respondents must file a set of state-court exhibits relevant to their response to the petition. All state-court record exhibits filed in this case must be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed in chronological order and must be identified by the number or numbers of the exhibits in the attachments, in the same manner as in case no. 3:06-cv-00087-ECF-VPC, ## 25–71. The purpose of this provision is to permit the reviewing court to be able to

quickly determine from the face of the electronic docket sheet which numbered exhibits are filed in which attachments.  Counsel must send a hard copy of all exhibits filed in this case to the Reno Clerk's Office.

      IT IS FURTHER ORDERED that Taylor will have 30 days from the date of service of the answer, motion to dismiss, or other response to mail a reply or response to the Clerk for filing.

      IT IS FURTHER ORDERED that all requests for relief must be presented by a motion satisfying the requirements of Rule 7(b) of the Federal Rules of Civil Procedure.  No action will be taken based on a letter.  Legal advice or instruction will not be provided.

Dated: May 4, 2018

                                                  _____
                                                  U.S. District Judge Jennifer A. Dorsey